IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EARL DANIEL COOPER, PRO SE, also known as EARL D. COOPER, TDCJ-CID No. 1541308, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:11-CV-0233 |
| ABE LOPEZ, Retired District Court Judge; RANDALL SIMS, District Attorney; STEVE DENNY, Assistant District Attorney; JASON C. LYNCH, Attorney; MIKE SHOEMAKE, Resigned Sheriff; and GRAND JURORS, sworn as such at the January Term A.D. 2008, | § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff EARL DANIEL COOPER, acting pro se and while a prisoner in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed in accordance with Title 28, United States Code, section 1915.

By his complaint, plaintiff claims defendant LOPEZ was District Judge at the 108th District Court, Potter County, Texas and was "legally responsible for the overall operations, of judicial proceeding's [sic] within the jurisdiction of said mention [sic] district court, in Amarillo, Texas." Plaintiff alleges the 108th District Court for Potter County, Texas did not have jurisdiction to issue an arrest warrant for plaintiff, order the extradition of plaintiff, or to bring

plaintiff to trial on November 7, 2008 and find him guilty, sentencing him to serve a term of 15 years in T.D.C.J. Plaintiff further contends the indictment in his criminal case was flawed.

Plaintiff claims defendant SIMMS, District Attorney, "is legally responsible for the overall operations, of judicial prosecutions, within the jurisdiction of said mention [sic] district attorney's office in Amarillo, Texas. Plaintiff claims defendant DENNY, Assistant District Attorney, was the lead Assistant District Attorney assigned to prosecute the criminal case on which plaintiff is currently serving a sentence in T.D.C.J. Plaintiff alleges that, during the January 2008 Term defendants SIMMS and DENNY conspired to present and did present perjured testimony in paragraph one and the enhancement paragraphs one and two.

Plaintiff says defendant LYNCH was his assigned defense counsel, provided through the indigent defense program. Plaintiff claims with the prosecution and did not challenge the alleged defects in the indictment.

Plaintiff claims defendant SHOEMAKE was "legally responsible for the overall operations of law enforcement within" Potter County, Texas. Plaintiff alleges defendant SHOEMAKE "committed the felony act of serving a warrant without proper judicial jurisdiction, kidnapping [sic] plaintiff," placing under false arrest, and subjecting him to false imprisonment.

Plaintiff claims the defendant Grand Jurors who served on the January Term, 2008 of the Grand Jury for the 108th Judicial District in Potter County, Texas, "were [all] legally responsible for the overall operation[s] pursuant to 'Reviewing' alleged evidence, and information, of an offense" in plaintiff's case and are responsible for their decisions in connection with it.

Plaintiff requests injunctive relief; compensatory damages of $300,000.00 from each defendant, jointly and severally; punitive damages of $400,000.00 from each defendant, jointly and severally; and costs of suit.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

Plaintiff has not requested release from incarceration. Nevertheless, it appears a favorable determination of his claims would imply the invalidity of his conviction or the length of his sentence. Without analyzing the specifics of plaintiff's claims to determine their legal sufficiency, the Court notes plaintiff has informed the Court that he was unsuccessful on his state habeas petition and that his federal habeas petition in this Court was denied February 8, 2011, and is presently on appeal before the United States Court of Appeals for the Fifth Circuit.

Plaintiff's claims are barred by plaintiff's present inability to meet the favorable termination requirement of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

Plaintiff's pleading shows he has never successfully appealed his conviction or had it cast into doubt by a successful habeas action or otherwise. It is clear his conviction has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Consequently, plaintiff's present claims lack an arguable basis in law and are frivolous until the *Heck* conditions have been met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915((e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED:

4

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

Plaintiff's Civil Rights Claims are DISMISSED AS FRIVOLOUS WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The dismissal of this cause counts as a "strike" under the Prisoner Litigation Reform Act. *Roe v. Hanshaw*, 149 F.3d 1176 (5th Cir. 1998); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Plaintiff is warned that, upon accumulation of three "strikes" he will be barred from proceeding in forma paupers in any civil proceeding or appeal unless his suit qualified under 28 U.S.C. 1915(g).

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail. The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342–0629, fax: 936-437–4793; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _11th_ day of October, 2011.

MARY LOU ROBINSON
United States District Judge